IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARTHUR LEE HAYES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1998-L** |
| | § | |
| **MICHAEL J. ASTRUE**, Commissioner, | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arthur Lee Hayes ("Hayes" or "Plaintiff") filed his complaint in this court on August 11, 2011, to appeal the ruling of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The case was referred to United States Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation ("Report") on July 30, 2012, recommending that this court affirm in part, and reverse in part, the final decision of the Commissioner. Plaintiff timely objected to the Report.

After an independent review of the pleadings, file, record, the magistrate judge's proposed findings, and consideration of Plaintiff's objections, the court **overrules** Plaintiff's objections, concludes that the findings of the magistrate judge are **correct**, and hereby **accepts** them as those of the court. Accordingly, the court **affirms** the final decision of the Commissioner in all respects, except as to the portion regarding the date Plaintiff reached the classification of an individual of an "advanced age."

**Memorandum Opinion and Order - Page 1**

**I.   Standard of Review**

Judicial review of the Commissioner's denial of disability and SSI benefits is limited to: (1) whether the decision is supported by substantial evidence, and (2) whether the Commissioner followed the correct relevant legal standards in reaching his findings. *See* 42 U.S.C. § 405(g); *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). A finding of no substantial evidence is appropriate only when no credible evidentiary choices exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (noting that "'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence'") (quoting *Harnes v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In determining whether the Commissioner's decision is supported by substantial evidence, the court scrutinizes the record to determine if such evidence is present. *Id.* at 343. The court may not, however, reweigh the evidence in the record or substitute its judgment for that of the Commissioner's. *Id*. Under Federal Rule of Civil Procedure 72(b), applicable to dispositive motions, the district court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

**II.   Hayes's Objections to the Report**

Plaintiff filed two objections to the Report. Hayes first argues that the residual functional capacity ("RFC") formulation given by the administrative law judge ("ALJ") was not based on substantial evidence. Second, he contends that the ALJ committed reversible error by rejecting the

**Memorandum Opinion and Order - Page 2**

medical source statements from registered nurse Mary Monastesse and "Dr. Wilson." With respect to these two objections, Plaintiff re-urges the same arguments advanced in his brief, which the magistrate judge addressed more extensively in the Report. This court agrees with the magistrate judge and finds both objections without merit.

### A. *Restricted Functional Capacity*

The ALJ found that Plaintiff had severe impairments of diabetes mellitus, asymptomatic human immunodeficiency virus ("HIV"), depression, disorder of back, obesity, and degenerative joint disease of his left knee. Tr. 567. The ALJ found, however, than none of these impairments or combination of impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 568. The ALJ also found that Plaintiff retained the RFC to perform a limited range of light work subject to certain limitations. Specifically, the ALJ found that claimant could: (1) carry twenty pounds occasionally and ten pounds frequently, (2) stand and walk six hours out of an eight-hour day and sit for six hours out of an eight-hour day, with the option to change positions or take a stand and a "stretch type break" for two minutes every thirty minutes, (3) occasionally stoop, crouch, or climb stairs and ramps, (4) have occasional contact with co-workers, supervisors, and the public, and (5) understand, remember, and carry out detailed, but not complex instructions. Tr. 568-69. The ALJ also noted that claimant cannot: (1) balance, crawl, kneel, or climb ropes, ladders, and scaffolds, and (2) handle food or work in proximity to hazards. Tr. 569. Hayes alleges that substantial evidence does not support this RFC assessment. This court disagrees.

In making the RFC formulation, the ALJ gave proper consideration to Plaintiff's physical limitations, including Plaintiff's back impairment, and incorporated such limitations into the RFC. The functional limitations set out in the RFC determination are consistent with the limitations found

by Dr. Louis, an examining physician, who concluded that, despite Plaintiff's history of lower back pain, AIDs, diabetes mellitus, probable distal peripheral neuropathy, hypertension, and Hepatitis C, Plaintiff remained able "to walk at least four to six hours intermittently in an eight-hour work period, "[s]it six to eight hours intermittently," and "[l]ift/handle lightweight and medium weight objects frequently with minimal difficulty." Tr. 465.

Plaintiff repeatedly cites to his medical records dating back to 2002 to support his contention that his impairments were much more severe and that he has limitations greater than what the ALJ determined. Much of this evidence, however, relates to Plaintiff's condition *years before* he filed for SSI benefits on August 13, 2007. The earliest that SSI benefits can be paid is the month following the month the application was filed, and the claimant cannot be paid for any prior months even if the claimant met the requirements for SSI benefits earlier. *See* 20 C.F.R. § 416.335. Therefore, the relevant time period begins with Plaintiff's application date of August 13, 2007.

Furthermore, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not credible to the extent they are inconsistent with the residual functional capacity assessment." Tr. 569. As observed by the ALJ, there are inconsistencies in Plaintiff's medical records regarding the severity of his symptoms. For instance, nurse Monastesse, in two medical opinions, one completed in May 2008, and the other December 2010, stated, in her professional opinion, that Plaintiff was unable to work eight hours a day, five days per week on a regular and continuing basis. Tr. 501, 792. In contrast, Dr. Louis expressed in his October 2007 opinion that Plaintiff should have the ability to walk at least four to six hours intermittently and sit six to eight hours intermittently during an eight-hour work period. Tr. 465. Dr. Louis came to this conclusion notwithstanding Plaintiff's apparent use of a cane, which

was also included in his report but with the notation that this was "primarily for balance." Tr. 463. Moreover, in September 2009, Plaintiff visited with an orthopedist, Dr. Finnegan, regarding his knee problem, and Dr. Finnegan noted in her report that "[e]ven though [Plaintiff] complains of the pain being 7/10, he is smiling," and observed that Plaintiff walked with a "normal-appearing gait without any assistive walking devices, [and] normal alignment." Tr. 887.

The court agrees with the ALJ that nurse Monastesse's opinions appear "both extreme and not supported by the medical evidence in the record." Tr. 570. Moreover, as observed by the ALJ, Monastesse's reports "failed to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled," and that her reports appeared to rely "quite heavily on the subjective report of the symptoms and limitations provided by the claimant." Tr. 570-71. As observed, the other relevant medical records fail to support that Plaintiff was as severely impaired as he claims he was. At best, the evidence in the medical record is inconsistent. While one report, dated less than a month after Plaintiff first filed for SSI, suggests that Plaintiff was unable to ambulate without the assistance of a walker, other medical reports reveal that Plaintiff walked with a normal gait and posture, and remained "quite active," walking, even playing basketball, and doing push-ups several times a week. Tr. 418, 520, 527, 533. In any event, as the Fifth Circuit has explained, such "conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Furthermore, a finding of "no substantial evidence is only appropriate" when there is a "conspicuous absence of credible choices" or "no contrary medical evidence" present—neither of which is the case here. *Johnson*, 864 F.2d at 343-44. Accordingly, the court holds that the ALJ's RFC determination is supported by substantial evidence and overrules this objection.

**Memorandum Opinion and Order - Page 5**

### B. *Weighing the Medical Source Opinions*

Plaintiff next argues that the ALJ committed reversible error by rejecting the medical source statements from Monastesse and Dr. Wilson. This objection is also without merit. The court notes that Plaintiff mischaracterized Monastesse as a "treating physician" in the original case, which was before United States District Court Judge A. Joe Fish. Judge Fish reversed and remanded the case because the ALJ failed to "properly weigh Dr. Monastesse's medical opinion" or to "show good cause for rejecting that opinion or find that Dr. Louis's opinion was more well-founded." Findings, Conclusions and Recommendation of the United States Magistrate Judge, 3:09-CV-02018-G, doc. 23, at 13-14. The ALJ has since provided reasons for giving Dr. Louis's opinion more weight than nurse Monastesse's opinion, which the court finds as good cause for rejecting her opinion. As a registered nurse, Monastesse is not an "acceptable medical source," and, as such, her opinions cannot be considered "medical opinions," nor can they establish the existence of a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), 416.913(a). Therefore, the ALJ was not required to give her opinions any weight. Although opinions from medical sources who are not "acceptable medical sources" can still be relevant to issues such as "impairment severity and functional effects," important factors to consider in weighing such evidence include, "[h]ow consistent the opinion is with other evidence," "the degree to which the source presents relevant evidence to support an opinion," and "how well the source explains the opinion." Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by other Governmental and Nongovernmental Agencies, S.S.R. 06-03p (Aug. 9, 2006). As noted earlier, the ALJ determined that: (1) Monastesse's opinion was not consistent with Plaintiff's other treatment notes in the record,

(2) Monastesse apparently relied quite heavily on the subjective report of symptoms and limitations provided by Plaintiff, and (3) Monastesse "seemed to uncritically accept as true most, if not all, of what [Plaintiff] reported." Tr. 571. The court finds that the ALJ has shown good cause for giving Monastesse's opinions little weight.

Plaintiff also asserts that the ALJ committed reversible error by not giving any weight to a Texas Department of Criminal Justice ("TDCJ") health classification form dated March 28, 2006, which reported that Plaintiff had a limited ability to perform work-related functions. Tr. 415. The court also finds this argument without merit. As noted by the ALJ, although the form has the printed name and title of the reviewer , "Wilson, C. D.O." on the form, there is no signature on the line designated "Signature of Reviewer." Thus, it is not entirely clear who actually completed the form and what the reviewer's credentials are. Moreover, although the line on the form for "Sedentary Work Only" was marked, no explanation was given by the reviewer for this selection. Furthermore, this form was completed over a year before Plaintiff filed for SSI.

Thus, the court concludes that the ALJ has shown good cause for giving Monastesse's opinion little weight and for rejecting the March 2006 TDCJ health classification form. Accordingly, the court finds that the ALJ did not commit reversible error, and Plaintiff's objection regarding this point is overruled.

### III.     Hayes's Birthdate

The ALJ found that Plaintiff was not under a disability as defined in the Act prior to September 27, 2009, but found that after this date, Plaintiff became an individual of "advanced age"

under Medical-Vocational Rule 202.04,[*] and, thus, became disabled on that date. Tr. 575. The magistrate judge found that some of the medical records inaccurately reflected Plaintiff's date of birth as September 27, 1954, and as a result, the ALJ mistakenly assumed that this date was Plaintiff's date of birth. Plaintiff, however, testified at the hearing, and a majority of the medical records demonstrates that Plaintiff's actual date of birth is July 27, 1954, instead of September 27, 1954. *See* Tr. 218, 418, 596. The court finds that there is sufficient evidence to establish that July 27, 1954, is Plaintiff's correct date of birth. Therefore, Plaintiff became an individual of "advanced age," and thus disabled for purposes of Rule 202.04 on July 27, 2009—not September 27, 2009. Accordingly, the court reverses that part of the Commissioner's decision regarding the date Plaintiff reached the classification of an individual of "advanced age."

**IV. Conclusion**

For the foregoing reasons, this court **overrules** Plaintiff's objections and **accepts** the findings of the Report as those of the court. Accordingly, the final decision of the Commissioner of Social Security is **affirmed** in all respects, except as to the portion regarding the date Plaintiff reached the classification of an individual of "advanced age." In this respect, the court **holds** that Plaintiff was disabled from July 27, 2009, instead of September 27, 2009.

**It is so ordered** this 26th day of September, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] Under Medical-Vocational Rule 202.04, a person of advanced age (55 and over) who cannot perform skilled work and has unskilled or no previous work experience is automatically considered disabled if his or her RFC is limited to light work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2.

**Memorandum Opinion and Order - Page 8**